SMITH v. MAGINNIS.

Opinion delivered May 13, 1905.

1. COMPLAINT—SUFFICIENCY.—A complaint against a notary public which alleges that plaintiff, relying upon certificates attached to certain affidavits by defendant, a notary public, purchased certain homestead claims, but that, by reason of the falsity of the certificates of defendant, and the fact that the alleged affiants did not appear before him as certified by him, plaintiff was imposed upon and obtained no rights by his purchase, is defective in failing to state definitely who the parties were from whom plaintiff purchased, and that such parties did not in fact own the homestead rights which he purchased from them, and that he was injured by the false certificate. (Page 476.)

2. NOTARY PUBLIC—NEGLIGENCE—PROXIMATE CAUSE.—Where a notary public falsely certified that certain persons appeared before him and made affidavits that they were soldiers or widows of soldiers, and as such were entitled to make additional homestead entries, when they did not appear before him nor make such affidavits, and plaintiff, relying upon such false certificates, purchased and paid for the homestead claims of such persons, but obtained no rights thereby, the act of the officer in making the false certificates did not render him and his sureties liable for plaintiff's loss, as the proximate cause of such loss was the act of the parties who sold homestead rights which they did not own, not the negligence of the officer in certifying that such parties had sworn that they owned such rights. (Page 477.)

Appeal from Perry Circuit Court.

ROBERT J. LEA, Judge.

Reversed.

## STATEMENT BY THE COURT.

In February, 1900, one Robert Pearl was appointed a notary public for Perry County in this State, and gave bond in the sum of one thousand dollars for the faithful performance of the duties of the office. J. S. Smith and J. H. Yancey were sureties on his bond.

In February, 1903, C. H. Maginnis brought this action in the Perry Circuit Court against Robert Pearl, the notary, and his bondsmen, Smith and Yancey, and alleged in his complaint that Pearl at various times from March, 1900, to January, 1901, had affixed his certificate and seal of office as notary public to affidavits of various parties showing that they were soldiers, or the widows or heirs of soldiers, and entitled as such to make additional homestead entries. The complaint then proceeds to allege "that the certificates attached to the aforementioned affidavits of George Martin, Mary Davis, Jas. P. White, Jasper M. Ford, Mary Jane Reynolds and William A. Flemming were in truth and in fact false, as said aforementioned parties, nor either of them, ever appeared before said Robert Pearl as such notary public, and did not execute the said affidavits before him as such notary public as therein stated." He further alleged that, relying on the truthfulness of the certificates attached to the affidavits by Pearl as notary public, plaintiff purchased the homestead claims of the parties named, paying therefor in the aggregate the sum of $2,516. "That, owing to the falsity of the said certificates of the said notary public R. L. Pearl, and to the fact that the said parties did not appear before him as certified by him, and did not execute the papers and affidavits, he obtained no rights by reason of the said purchase, and the consideration for which he paid the sum of money wholly failed, whereby he is damaged the sum of $2,516," for which amount he asked judgment against Pearl and his bondsmen.

Pearl did not appear, and judgment was rendered against him by default. The other defendants, Yancey and Smith, filed

an answer in which they alleged "that before March, 1, 1900, and before the making of any of the certificates set out in the complaint, Robert L. Pearl had removed from Perry County, and had ceased to be either a citizen or resident thereof, and that he never was in Perry County after February 27, 1900." Thereupon the plaintiff filed a demurrer to the answer, on the ground that the facts stated therein were not sufficient to constitute a defense. This demurrer was sustained, and, Yancey declining to plead further, judgment was rendered against him. Smith asked permission to file an amended answer, but as the attorneys had agreed to submit the case for decision on the pleadings as they stood, and as an amendment to the answer would necessitate a continuance of the cause, the court declined to allow the continuance unless the attorney for the defendant would state that he had reasonable grounds to believe that he could establish the facts alleged in the proposed amended answer. The attorney declined to do this, and thereupon the court refused to allow him to file the amended answer, and gave judgment against the defendant Smith for the amount of the bond, one thousand dollars, and interest.

Defendants appealed.

*Sellers & Sellers,* for appellant.

The authority of an attorney is limited, and he cannot effect compromise under this general authority as such attorney. 65 Am. Dec. 344; 13 Ark. 648; 32 Ark. 354. The acts complained of are not the proximate cause of plaintiff's damage. 58 Ark. 157; 56 Ark. 279; 139 U. S. 223; 52 Am. Rep. 154; 154 Mass. 247; 17 W. Va. 198; 83 Ill. 220; 30 Am. St. 792; 40 *Ib.* 727; 38 *Ib.* 181; 39 *Ib.* 251; 66 Am. Dec. 186; 90 *Ib.* 458; 43 L. R. A: 402; Cooley, Torts, 73; 69 Pac. 340; 115 Ind. 51; 62 Pa. 353. Appellee cannot maintain this action. Murfree, Off. Bonds, § 468; 37 N. J. L. 5; 46 Am. Rep. 169; 3 Am. St. 699; 111 Mass. 499; 32 Pac. 410; 100 U. S. 195. The notary vacated his office by removing from the county. Const. art. XIX, § 4; 23 Am. & Eng. Enc. Law, 425; Mech. Pub. Off. § 437; 106 Ind. 203; 128 Ind. 129; 55 Cal. 81. A judicial investigation is not necessary to establish

such vacancy. 1 Pick. 129; 21 Ind. 516; 149 Ind. 283; 13 Atl. 865; 27 Ind. 240. The acts of a notary outside of his county are void. 2 Head, 595; 31 Ark. 53; 75 Am. Dec. 753; 87 Ga. 672; 21 Mo. App. 5; 59 *Ib.* 188; 36 S. W. 856. If the notary had no authority to take the affidavits, the sureties are not bound. 22 S. W. 200; 95 N. W. 769; 43 C. C. A. 218; 72 Pac. 517; 60 N. Y. 421; 4 Pac. 207; 7 Minn. 398; 63 Ark. 337; 24 Fed. 348; 36 Fed. 172; 4 Pac. 207; 51 Pac. 523; 84 Am. Dec. 606; 60 N. Y. 421. The State alone can sue. 74 S. W. 350; 8 La. Ann. 95; 24 Me. 299; 8 Lea, 657. Sureties are favored in the law, and their obligations are construed strictly in their favor. 1 Brandt, Sur. § 93; 48 Ark. 426; 24 Am. & Eng. Enc. Law, 749.

*Meyers & Bratton,* for appellee.

The complaint is sufficient to maintain the action. 39 Ark. 173; 51 Ark. 210; 12 Ia. 570; 27 Ia. 276; 61 Cal. 611; 74 Cal. 435; 74 S. W. 350. Any one damaged by breach of an official duty of an officer may bring an action against him and his sureties. 152 Ill. 560; 138 Ill. 322; 13 Sm. & M. 392; 6 Am. & Eng. Enc. Law, 143; 7 Cyc. 233; 43 Am. Dec. 719; 3 N. Y. 467; 10 Cal. 239; 39 Mich. 456; 63 S. W. 819; 31 Pac. 1132; 97 Cal. 208; 2 Mo. App. 413; 61 Ia. 35; 94 N. Y. 302; 15 How. 179; 74 Mich. 643. The taking of an acknowledgment is a ministerial act. 15 Ark. 655; 1 Pet. 328; 77 Ga. 620; 69 Ill. 666; 92 Ky. 505. Sureties are liable for the acts of *de facto* officers. 2 Brock. 96; Throop, Pub. Off. § § 664, 288; 77 Ill. 52; 69 Ind. 46; 17 Minn. 451; 36 Vt. 329; 44 Am. Dec. 300; 14 B. Mon. 29; 25 Mich. 10; 8 Nev. 105; 37 Ala. 299; 17 Ill. 278; 6 Nev. 353; 23 Am. Dec. 513. An officer who, after moving from the county of his residence, continues to act as such officer, is an officer *de facto.* 49 Ark. 439; 5 Am. & Eng. Enc. Law, 105; 71 Me. 207; 109 Mo. 260; 23 Cal. 315; 20 Ga. 746; 42 N. H. 56; 87 Va. 484; 17 Oh. 143; 38 Kan. 562; 25 Ark. 337; Throop, Pub. Off. § 631; 19 Am. & Eng. Enc. Law, 562; 25 Ill. 325; 43 Md. 572; 30 La. Ann. 280. Official character cannot be questioned collaterally. 2 Am. & Eng. Enc. Law, 823; 49 Ark. 439; 63 Cal. 174; Mech. Pub. Off. § 330. Appellants are estopped from alleging that the notary was an officer *de jure.* 8 Am. & Eng. Enc. Law, 807; 63 Am. Dec. 366; 37 Ala. 298; 22 Ark. 524; Throop, Pub. Off. § 288; Mech. Pub.

Off. § § 296, 341; 33 Ala. 674; 69 Ind. 46. The acts, being ministerial, would have been legal if actually done by the officer. 15 Ark. 655; 32 Ark. 666; 43 Ark. 132; 52 Ark. 356; 55 Ark. 81; 8 Am. & Eng. Enc. Law, 816; 58 Am. Rep. 348. Sureties upon an official bond can make no defense that could not be made by the principal. 54 Ia. 699; 48 Pa. St. 345; 32 Ind. 309; 14 Ia. 473; 10 Met. 309; 7 How. 220; 12 Wheat, 515. The filing of an amended answer is within the discretion of the court. Kirby's Dig. § 6145; 26 Ark. 360; 60 Ark. 526; 68 Ark. 314; 32 Ark. 244; 102 U. S. 375. In the absence of fraud, litigants are concluded and bound by the arts or omissions of their attorneys. 66 Ark. 185; 12 Ark. 401; 13 Ark. 601; 14 Ark. 365; 57 Ark. 600; 59 Ark. 441.

RIDDICK, J., (after stating the facts.) This is an appeal from a judgment against the sureties on the bond of a notary public. The complaint alleges that the plaintiff, relying upon certain certificates attached to certain affidavits by the defendant Robert Pearl, as notary public, purchased certain additional homestead rights, but that, by reason of the falsity of the certificates of the notary public, and the fact that the parties named did not appear before him as certified by him, plaintiff was imposed upon, and obtained no rights by reason of said purchases. Now, while plaintiff alleges that the certificate of the notary that the parties named appeared before him in person was false, he does not allege that the parties from whom he purchased did not in fact own the additional homestead rights which he purchased of them. If these parties owned the homestead rights that they sold to plaintiff, then, even though the the affidavits providing such ownership were never made, and the certificates to that effect were false, still plaintiff was only damaged the amount required to get up new affidavits to prove the claims; for the fact that such affidavits to which the notary certified were never made, and the certificates to that effect were false, does not show that the parties from whom he purchased did not own the homestead claims they sold or affect the validity of such sale, and does not show that plaintiff was injured by the false certificate. We think that the complaint is defective in this respect, and that it is not definite and certain

enough as to the parties from whom plaintiff purchased, or as to whether those parties in fact owned the claims that they sold the plaintiff, or as to how plaintiff was injured by the false certificate.

But, as the plaintiff no doubt intended to allege that the parties from whom he purchased did not own any right to additional homestead entries given by the statute to certain soldiers and sailors of the United States, and that he obtained nothing by his purchase, we now proceed to consider whether the fact that the notary public falsely certified that these parties had made affidavits to such ownership was the proximate cause of his injury. The purpose of these affidavits, showing that the soldier was entitled to an additional homestead entry, and showing that such right had been duly assigned, was not to enable the soldier or his assignee to sell this right, but to establish that right to the satisfaction of the officers of the United States land office, so that the application of the soldier, or his assignee, for additional homestead entry might be approved by such officers. It did not necessarily or naturally follow, because the notary made a false certificate that certain parties had appeared before him and made affidavit that they were entitled as soldiers to such additional homestead rights, that plaintiff would purchase such rights of them, or, if he made such purchase, that he would rely entirely upon the affidavit purporting to have been made before the notary. As before stated, the ostensible purpose of the affidavit was not to enable the soldier or his assignee to sell the homestead right, but to establish such right to the satisfaction of the Government. Though the plaintiff may have relied upon the affidavit and the certificate of the notary public in making his purchase, still such certificate was not in law the proximate cause of his injury. The proximate cause of his injury was the act of the party who sold him homestead rights which he did not own, not the negligence of the notary in certifying that such party had sworn that he was the owner of the right. *Oakland Savings Bank* v. *Murfey,* 68 Cal. 459; *Wyllis* v. *Haun,* 47 Iowa, 614; *Doran* v. *Butler,* 74 Mich. 643; *Hatton* v. *Holmes,* 97 Cal. 208; *Henderson* v. *Smith,* 26 W. Va. 829, 53 Am. Rep. 139.

If the false certificate had been attached to a deed conveying land to plaintiff, and upon which plaintiff relied in paying for

the land, a different question would be presented; but the false certificate was not attached to any instrument purporting to convey title to plaintiff, and he relied on it at his peril. For instance, if A brings an action against B, alleging that B has made a written contract to convey him land owned by B, and that the consideration has been paid, and files depositions, duly authenticated by an officer, tending to support the allegations of the complaint, and afterwards C, influenced by these depositions, purchases the right of A, and it turns out on the trial that some or all of these depositions are invalid for the reason that the witness, was not in fact sworn as certified by the officer, the sureties on the official bond of such officer are not liable to C for any loss caused by such purchase, for the reason that the officer did not make the certificate for C, or to influence his conduct. It was a matter of negligence on the part of C to purchase land from A that he did not own, simply because some one had made a deposition to that effect, and this negligence, together with the fraud of the party who sold him the land, and not the certificate, was the direct cause of his injury.

The same reasons apply in this case, and we are of the opinion that the complaint does not show that the sureties on the bond of the notary are liable in damages to the plaintiff for the act complained of.

In a former opinion delivered in this case, we held that the answer set up a valid defense against the complaint, but a motion for rehearing and a brief in support of the same was filed by the counsel for the plaintiff. After consideration of the same, we feel some doubt as to the correctness of our former opinion on that point; but as the conclusion to which we have arrived, that the complaint does not state facts sufficient to constitute a cause of action against the sureties, disposes of the case, we find_ it unnecessary to discuss the sufficiency of the answer.

Judgment reversed and cause remanded, with order to sustain the demurrer to the complaint, with leave to amend.